Good morning, Your Honors, and may it please the Court, my name is Robert Burleson and I represent Mr. Pellin, Michael Williams. This is a case, Your Honors, as I'm sure you're aware, requesting that the Court set aside the trial court's dismissal of an entire complaint with prejudice and some, additionally, reverse a refusal to seek, to grant relief concerning the matter. Well, we're here on the appeal of a denial of a 60B motion. Correct. There was a motion for relief also, but if I can go over the facts just briefly because I think they are important. But can we get into the merits of the case? Well, Your Honor, I think you can. All right. But we do have issues concerning the motion to dismiss, we have issues concerning the motion for relief, and then we have a motion to remand that was found to be moot after the issues concerning the motion of relief were heard. This complaint was filed in November of 2011 and it was a wrongful termination complaint. It did not have any issues of federal law. It did not have any issues of the individual who was involved, Mr. Egan, other than interference with contract. It was solely a state court complaint. It was removed by the U.S. attorney on the basis that Mr. Egan was a federal employee. At some point in time, my client chose to switch counsel. And, unfortunately, this is what caused a lot of the problems because, literally, the timing just did not work out. A motion to dismiss was filed by Paragon, who's the respondent in this case, and it was filed on the 13th of March after a removal on the 6th of March. The new counsel change began on the 16th, three days later. A substitution was signed by the old counsel on the 20th. My office signed on the 23rd the substitution, and it was filed on the 26th. During that time period on the 13th, Paragon filed a motion to dismiss. Now, this was a state court complaint. My office never received a copy of that, unfortunately, because prior counsel got it, did not forward it. We had no clue that there was a hearing on the 16th of April, and, indeed, that matter was heard. The court, under a local rule, decided that the failure to oppose it was a consent to the relief being granted. Obviously, it wasn't a consent, and we certainly would oppose it and eventually did oppose it. We filed an opposition in the motion to relieve. Then what happened is the U.S. government filed a motion to dismiss, and that was also granted with opposition from our office, and it was granted with prejudice, and the government and Mr. Egan were out of the case. Following that, in approximately July of that year, a motion for relief was filed, in which we threw ourselves on the court and said, look, there's this inadvertent mistake, excusable neglect. It's a state court complaint. Could you at least give us time to amend the complaint and make the order without prejudice? The initial order, Your Honors, that came out was silent. It had no with or without prejudice. The final order that came out, which was an order that included the government- A silent order is presumed to be with prejudice, is it not? Well, I can tell you, Your Honor, that I didn't presume that, and that may have been a mistake. Indeed, I didn't see anything until everything was done. But it was silent, and it eventually became with prejudice. In that regard, the motion for relief detailed to the court all of the issues that related to the inadvertence. And at that point, the court- What were the issues that excused the failure to respond? Mainly, Your Honor, the fact that we did not actually receive any notice of the motion. Paragon served it on prior counsel, which was appropriate because the substitution had not been submitted. Right, and so the prior counsel then had the responsibility to respond. So how does that warrant relief under 60B, then? If prior counsel neglected to fulfill his responsibilities to his client, how does that allow us to give responsibility under Rule 60? That's a good question, Your Honor. And we've cited some law that failure of counsel is not a reason for the client to be punished and not able to be able to at least defend the case. This case was not dismissed on its merits. It was dismissed procedurally, unless there are extraneous and severe issues. Well, we have to find excusable neglect on the part of our case authority. Pretty much says there has to be some excusable neglect on the part of the attorney who failed to respond. Correct. I just don't see that in this case. Well, if I can emphasize to you, Your Honor, that the aspect of the notice was something which Paragon knew about. Because the matter had been removed and my office still wasn't in the case. Right. We contacted the prior counsel. We said, look, you've got a ten-day rule to file a demand for jury because we want jury in the case. Please do it. We got no response. So my office, and it's in the appendix, filed that demand, and we filed it under our name. So within three days of Paragon filing the motion, they were aware that we were involved. What does that have to do with whether or not there's excusable neglect on the part of the prior counsel? Well, in a direct way, it doesn't. But in an indirect way, it does, because once that counsel knew that there was another attorney involved, I would think, and this may not be a rule of law but professional conduct, I would think that that motion would be sent to us. Now, we also certainly could have tried to look it up. I don't normally do that when I get into a case. We were waiting for, essentially, for the government to file the motion to dismiss and had no knowledge of the fact that Paragon had filed that motion. Also, Your Honor, I think in this case, don't forget, we got a state court complaint. I mean, literally, there's no federal question. The only issue is Mr. Egan, who is a federal employee. He was removed. You would think that the appropriate, and this is the argument on abuse of discretion, the appropriate aspect is to not grant that motion with prejudice. In other words, give us at least one more chance. And obviously, in a federal case, when you're looking at a state court complaint, it's going to be much different. Go ahead. So, as I understand it, the circuit has interpreted Rule 60 to require the court to consider four factors, which I think came up here, the danger of prejudice, the length of the delay.  The delay from the dismissal? Yeah. Well, how do you interpret it? How would you define the length of the delay? The only delay is this process here, Your Honor. And it was dismissed in May of 2012, and here we are today. So, the third factor, which is, I think, what Judge Rawlinson is getting at, is the reason for the delay, which was, if I understand it, first the prior attorney screwed up, and then it took a while for you to notice the mistake. Well, I didn't want to use that legal term of art. You said it. We didn't. So, how do you overcome that? Well, the rigors of practice obviously have to come into play when you consider the fact there was literally a three-day difference. The motion was filed on the 13th. On the 16th, the substitution started. And at that particular point in time, we filed something with the court and gave Paragon notice. Now, again, there's no necessarily a requirement of Paragon to say, oh, we have a new counsel here. Let's give them some opportunity. I will tell you in my experiences in federal practice, I normally get a call from a clerk if there's no opposition saying, hey, guy, what are you doing? I really, I'm not faulting the court, obviously, but I really would have liked to have had that call on that occasion, and I would have filed an opposition. Again, an opposition was filed. It was filed as part of the motion for relief. I believe the opposition has merit and should have been looked at. As for any delay, this all happened April, May. I mean, it was very quick. There's no prejudice to the defendant because other than the fact that we have to go through this procedure, the fact is if we had been granted the relief, we'd be done with the case right now.  And I have to tell you that everything was filed timely. The motion for relief was filed timely, et cetera. The other issue is that once the government was dismissed, and they were dismissed with prejudice, there was no silence in the order. The subject matter of jurisdiction was gone. There was no more issue with the government and with Mr. Egan. So when the motion for relief was filed, that issue should have, I think, taken precedence in the motion for remand. But that's not automatic, isn't it? It doesn't take a motion to remand to the district court? It does, and we brought that motion within the motion for relief. If you take a look at that, the motion was in that motion. And so we said, look, we don't believe the court has jurisdiction even to rule on this, and we'd like you to rule on the motion to remand. And it's that motion if they had done that. Of course, we would have gone back with a dismissal, and there would have been a little bit of a mix-up with the state court. But at some point in time, I believe that the concepts of excusable neglect have to be looked at very seriously. My client just wants an opportunity to have the merits of this case, which are nothing to do with federal questions. I think this circuit is very sensitive to excusable neglect. The problem I'm having is that generally when we determine that there is excusable neglect, there is a system in place to alert the attorneys that something should be filed, and that system just malfunctions for a particular reason. And so it's really kind of difficult for me to read that precedent as allowing a showing of excusable neglect just, you know, we just didn't file. There was no, we didn't have a system. But, you know, if you had a system whereby you checked the docket and something wasn't on the docket or something like that. So tell me why you think this case fits within how I've described our case precedent, where there is a system and the system fails. Sure. The duty of Mr. Pratt, the prior counsel, when he was relieved on or about the 16th, which is three days after the motion to dismiss was served, he may not even have had the document at that point, obviously is to forward the documents to the new counsel. My office did not come into this case until about ten days later. Did you have the ability to check the docket at that point? Absolutely. Absolutely, Your Honor. But I have to tell you that that is not my practice. And I'm not trying to state standard here. Many attorneys would have done it. I know the defense has argued that we should have done it. Of course, we should have done it. I believe I was in other matters at that point in time. And frankly, my office was not even in possession of the file. We didn't file the motion for relief until approximately July because we didn't have the file. We didn't have the whole file. So we were literally caught, I don't want to say with our pants down, but we were caught with not expecting that this thing would be on calendar. And we didn't hear about it until the court had granted the motion as to the government. And then they combined both of them in there. And then we saw, well, geez, this Paragon motion apparently was heard. I don't know of a better example, and of course I'm arguing for myself, of excusable neglect than relying on the system to catch up to us, get the boxes of files, we need to go through it. And we simply did not do anything. And by May 10th, the order had, in fact, what the court did is the court took the hearing off calendar, as this court does each time. They did not have a hearing. So they just simply said, look, we got everything, you'll hear from us. So we didn't even get the opportunity to go to a hearing, not that we would have gone because we didn't know that there was one. So what's the evidence in the record of Pratt's alleged excusable neglect? Isn't that the key here? It's whether the prior counsel neglected with an excuse. Right. And what's the record show? I don't know that the record has anything. We didn't get Mr. Pratt's declaration. I don't believe in the motion for relief. We did explain that we contacted Mr. Pratt, asked him to get everything to us, and that he took a long time to do that. The evidence of Mr. Pratt's excusable neglect is that he failed to get us the information we needed within time. He did eventually give us the boxes of material, and we did eventually obviously see everything. The other thing is, Your Honors, literally the first opportunity that we knew about this, we attacked it. We went in. We very quickly said, hey, we need to have something done. This is an issue of a mistake. It could be an advertence. It clearly is the attorneys not getting the material in time. It could be, to some degree, the court not contacting counsel when they don't have an opposition. It could be the paragon failing to provide us with the information once they realized that we had filed the demand for jury. And that was done three days after the motion to dismiss was filed. The other arguments, I think, are pretty well briefed as to the preemption issue and the arbitration. This is not a CBC issue. I think this is a – Your Honor, you're correct. I think this is an issue of determination of whether or not a party should be faulted for the screw-up of an attorney or attorneys and how much is that screw-up. I think the cases indicate that the courts defer to merits and to looking at matters that are on their merits and not pursuant. Thank you very much, counsel. Your time has expired. Thank you very much. Thank you. We'll hear from the other side. Good morning, Your Honors. My name is William Tebbe. I'm here on behalf of Security Systems USA, Inc. How are you prejudiced? The prejudice, while one of the factors to be considered by the district court, is not necessarily a determinative factor. I understand that. My question is how are you prejudiced? We'd be prejudiced by having to incur the time and expense necessary of going back and litigating. That would be true in every case. Here it was a matter of what, days or weeks at most? Months. Months? The dismissal was entered in favor of the Paragon defendants in April of 2012. The Rule 60 motion wasn't even filed until July of 2012. Isn't that the relevant period for determining prejudice? Certainly, Your Honor. For 120 days. What happened during that 120 days? Did witnesses disappear? Did documents disappear? Did memories fade? Of course not. Almost certainly not to the extent had a longer period of time passed. If I may just get back to one thing. Your Honor, you said, aren't we here today, don't we have to find excusable neglect? With all due respect, that's not the inquiry here today. Excusable neglect was the analysis that the district court engaged in. We're here today to determine solely whether the district court abused his discretion in denying this Rule 60 motion. But we still look at whether or not the district court appropriately determined the factors that go into the Pioneer Investment analysis. Most certainly, Your Honor. But in an abuse of discretion analysis, you'd have to find either that the decision of the district court rested clearly on an erroneous finding. Or a misapplication of the law. Correct. If the court did not apply our precedent correctly, that's abuse of discretion. Absolutely, Your Honor. But I think the district court did a very good job of analyzing all four of those factors. And as the precedent of this circuit establishes, not every one of those factors has to be present in equal amounts or in any amounts. A finding by the district court that one of those factors is present is sufficient to deny the Rule 60 motion. What we have here is the district court analyzed each of those factors. It did its job properly. It found that the reasonableness of the, the reason for the delay and the length of the delay did not establish the excusable neglect necessary under the pioneer factors. Counsel, what do you do with that preference for cases to be heard on the merits? How does that figure into the equation in your view? In this particular situation, Your Honor, the district court did consider that precedent. It is as you said, almost entirely in those sorts of situations, it's a systemic failure. There's a system in place and the system somehow failed to live. That didn't happen here. Counsel for, for Mr. Williams had noticed at all points throughout this proceeding of what was occurring. It was purely the negligence of the original counsel and then the counsel that substituted in that resulted in the failure to file an opposition and the failure to timely request reconsideration of the dismissal. Who had the duty to, to act at this point? Who had the duty? Was it Mr. Pratt? At what point in the proceeding, Your Honor? Well, at any point that's relevant to this case. Well, certainly at the point in time that the dismissal, that the request for dismissal was entered and opposition to that request was due, that all fell on Mr. Pratt. He was counsel of record throughout that entire period of time. Okay, and you heard my question, Mr. Burleson. What does the record tell us about his conduct? Absolutely not. And the district court in its opinion and order specifically addressed that fact, that if it was any excuse, if there was any excusable neglect to be found, there should have been something put forward on behalf of Mr. Pratt. There was a complete absence in the record of anything. And so your argument is that the case as such is bound by the conduct of Mr. Pratt. Absolutely, Your Honor. It's not necessarily Mr. Burleson. Absolutely. I completely agree with that, Your Honor. Because Mr. Pratt was a counsel of record during the pendency of the motion to dismiss. The time within which the motion was filed and opposition was due and the district court made its ruling, Mr. Pratt was counsel of record throughout that entire period of time. If there was excusable neglect to be found, there would have to be something in the record on his part, finding that his failure to file an opposition was in some way excusable. Mr. Burleson then came in after the fact and requested reconsideration of that motion. Because the district court found that there was no excusable neglect on the part of Mr. Pratt, it based its denial of the motion for reconsideration at least in part on that factor. In final, Your Honors, the delay, the factors that the district court analyzed here, the reason for the delay, the length of time of the delay, clearly establishes that there was no excusable neglect found in the first place, clearly supports the district court's finding of the denial of the motion for reconsideration. Thank you for your time. Thank you, counsel. The case just argued will be submitted for decision. And we will hear argument next in Flowers v. McEwen.
judges: Rakoff, O'SCANNLAIN, RAWLINSON